FILED

14 MAY -7 AM 8:25

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ OG_____ DEPUTY

1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

10
11
12
13
14
15
16
17
18

| | |
|---|---|
| MICHAEL DAYNE BRIDGEMAN, | CASE NO. 12-CV-212 BEN (PCL) |
| Petitioner, | **ORDER:** |
| | **(1) ADOPTING REPORT AND RECOMMENDATION** |
| vs. | **(2) DENYING FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS** |
| MICHAEL STAINER, Warden, | **(3) DENYING CERTIFICATE OF APPEALABILITY** |
| Respondent. | |
| | [Docket No. 20] |

19
20
21
22
23
24
25
26

Petitioner Michael Dayne Bridgeman, a state prisoner proceeding *pro se*, filed a First Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his San Diego County Superior Court conviction. (Docket No. 5.) Magistrate Judge Peter C. Lewis issued a thoughtful and thorough Report and Recommendation recommending that Petitioner's First Amended Petition for Writ of Habeas Corpus be denied. (Docket No. 20.) Petitioner filed an Objection to the Report and Recommendation. (Docket No. 25.) Having reviewed the matter de novo and for the reasons that follow, the Report is **ADOPTED** and the petition is **DENIED**.

27
28

A district judge "may accept, reject, or modify the recommended disposition" of a magistrate judge on a dispositive matter. FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C.

§ 636(b)(1).  The court "shall make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

It is well-established that a party objecting to a Report and Recommendation must cite specific instances of error in the Report and Recommendation. *See* FED. R. CIV. P. 72(b)(2); *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007) ("Section 636(b)(1) does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized, as the statute directs the district court to review only *those portions* of the report or *specified* proposed findings or recommendations *to which objection is made*." (internal citations and quotations omitted)).  As the Fourth Circuit stated,

> [A] party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection. . . .  To conclude otherwise would defeat the purpose of requiring objections.  We would be permitting a party to appeal any issue that was before the magistrate judge, regardless of the nature and scope of objections made to the magistrate judge's report. Either the district court would then have to review every issue in the magistrate judge's proposed findings and recommendations or courts of appeals would be required to review issues that the district court never considered.  In either case, judicial resources would be wasted and the district court's effectiveness based on help from magistrate judges would be undermined.

*Midgette*, 478 F.3d at 622; *see also* FED. R. CIV. P. 72(b)(2) (requiring objecting party to file "specific written objections to the proposed findings and recommendations").

In his Objection, Petitioner fails to point to any specific instance of error in the Report and Recommendation. Rather, Petitioner reproduces the testimony of witnesses Joagvin Flores and Candy Winskas, then reiterates his argument that the state trial court abused its discretion when it denied his three *Marsden* motions.  In making these arguments, Petitioner repeats arguments that have already been addressed by Judge Lewis in the Report and Recommendation.  As Plaintiff does not identify any portion

of the Report and Recommendation that purportedly misapplies the law to the facts or fails to consider the significance of Plaintiff's facts, the Court overrules Plaintiff's Objection. The Court fully **ADOPTS** Judge Lewis's Report and Recommendation. Petitioner's First Amended Petition is **DENIED**.

In addition, the Court **DENIES** a certificate of appealability. "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court." 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability is authorized "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this standard, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Here, the Court concludes that the claims raised in the Petition are not such that "jurists of reason could disagree with the district court's resolution" of them, nor are they sufficiently adequate "to deserve encouragement to proceed further." *See id.*

**IT IS SO ORDERED.**

DATED: May 07, 2014

HON. ROGER T. BENITEZ
United States District Court Judge